UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| McNEIL KEMMERLY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-9794 |
| UNITED STATES DEPARTMENT OF THE INTERIOR | SECTION "C" (5) |

### ORDER AND REASONS[1]

Before the Court is the plaintiff McNeil Kemmerly's ("Kemmerly") First and Second Motions for Partial Summary Judgment and the defendant Department of the Interior's ("DOI") Motion to Dismiss or, in the alternative, Summary Judgment. Having considered the record, the memoranda of counsel, and the law, the Court denies both of the plaintiff's motions and grants the defendant's motion to dismiss for the following reasons.

**I. Background**

The plaintiff is suing under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), for declaratory, injunctive, and other relief allegedly caused by the defendant's "on-going failure to process Plaintiff's FOIA requests in accordance with the laws of the United States." (Rec. Doc. 1 at ¶ 2).

---

[1] Benjamin K. Probber, a second-year student at the University of Pennsylvania Law School, assisted in the preparation of this Order and Reasons.

1

The plaintiff alleges he has made several requests for information under the FOIA from Office of Mineral Management Service ("MMS"), Office of Minerals Revenue Management ("MRM") and Bureau of Land Management ("BLM"), agencies of DOI. The plaintiff alleges subject matter jurisdiction exists under 5 U.S.C. § 552(a)(4)(B). (Rec. Doc. 1 at ¶ 3). That section provides in full:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (B) and reproducibility under paragraph (3)(B).

5 U.S.C. § 552(a)(4)(B). The claims made in the Complaint, however, do not relate to an "improper withholding" by the agencies *per se*, but to the plaintiff's refusal to pay the processing fees attendant to the defendant's response. Although the plaintiff recognizes the defendant's right to require a requester's written commitment to pay fee estimates and to demand pre-payment of fees in excess of $250 before processing a FOIA request, he argues that he should not have to commit to pay an unreasonable fee estimate. (Rec. Doc. 27-2 at 6-7).

In the plaintiff's first preemptive motion for partial summary judgment, he claims that "the purely legal issue of whether this Court has the power to review cost estimates to determine whether they are reasonable is ripe for summary determination." (Rec. Doc. 27-2 at 2). The plaintiff also advises that the "[p]laintiff's research has failed to find any cases that address this issue." (Rec. Doc. 27-2 at 6). In his second motion, the plaintiff seeks attorney's fees based on

the successful grant of his first motion for partial summary judgment because he would have "substantially prevailed" as to at least one of the last FOIA requests identified in the motions under the Open Government Act of 2007 ("2007 Act"), which was enacted after the filing of this suit, and the Equal Access to Justice Act ("EAJA").

The defendant argues in its motion that this Court lacks subject matter jurisdiction, or in the alternative that this Court should grant summary judgment in its favor, because the plaintiff has either adjudicated or abandoned four of the FOIA requests, or has refused to pay the fees associated with such requests, and the final request has been satisfied. It argues that the plaintiff's refusal to submit a written commitment to pay processing fees, as mandated by regulations, is a failure in the administrative process and denies this Court subject matter jurisdiction. *See* 43 C.F.R. § 2.8 (2006). The defendant cites to *Chevron v. National Resources Defense Council, Inc.*, 467 U.S. 837, 843-844 (1984), for the proposition that regulations such as those promulgated and followed by the agencies here "are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." The defendant maintains that fees are charged pursuant to a published fee schedule and regulations, and are reasonable as a matter of law. (Rec. Doc. 38-1 at 10).

The parties appear to agree that the defendant has the authority to charge processing fees, that processing fees are governed by statute and regulation and have been properly published, and that a failure to pay an estimated fee in excess of the base amount is construed as abandonment of a request under those rules. The parties also agree that there are a total of five requests involved.[2] The first two, designated FOIA Request Nos. 2005-14 and 2006-008, were the subject matter of an earlier lawsuit, Civ. Act. No. 06-2386 (E.D.La. 2006), in which the

---

[2] The plaintiff sets forth four counts in his Complaint. (Rec. Doc. 1 at 3-7). In light of the apparent agreement in these motions, the Court will assume that the five requests described in these motions are the subject of the Complaint for present purposes.

plaintiff's claims were dismissed and for which the plaintiff has never paid the processing fees. *Kemmerly v. United States Dep't Of Interior*, 2006 WL 2990122 (E.D.La. Oct. 17, 2006). The record is unclear as to whether or not appeals stemming from those requests were resolved following this Court's dismissal of the lawsuit.³ The plaintiff has never paid the processing fees with regard to the third claim, No. 2006-041, and the fourth claim, No. 2007-004. (Rec. Doc. 60 at 28). Although it may not be clear from the memoranda, the fourth claim appears to be nearly identical to the plaintiff's second claim and the third claim appears to be nearly identical to the plaintiff's first claim. (Rec. Doc. 38-2 at 4-5). The fifth claim, No. 2010-00007, is derived from an affidavit issued in conjunction with this lawsuit by the plaintiff's client, Thomas Agnew ("Agnew"). (Rec. Doc. 27-13 at 1). The affidavit contained information relative to the plaintiff's FOIA Request Nos. 2006-008 and 2007-004, but it was not identical to the earlier requests and thus was construed by the defendant as a new request, for which a lesser processing fee has been paid and the information provided to the plaintiff.⁴ Since the records for FOIA Request No. 2010-00007 have been produced, that request and its respective claim in the plaintiff's Complaint is now moot and is no longer before the Court. *See Trueblood v. United States Dep't Of Treasury,* 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting *Crooker v. United States State Dep't,* 628 F.2d 9, 10 (D.C. Cir. 1980)). Moreover, since the plaintiff does not assert that he seeks the information requested in FOIA Request Nos. 2006-008 and 2007-004, those requests and their respective claims are also moot. (Rec. Doc. 50).

---

³ The plaintiff alleges in his Complaint that the DOI has not responded to appeals from his earlier requests, but admits that he has not paid the processing fees for those requests. According to the declaration of DOI's MRM FOIA Officer, Gregory K. Kahn ("Kahn"), the plaintiff was also notified that no action would be taken on the appeals pending the resolution of Civ. Act. No. 06-2386 (E.D.La. 2006).
⁴ The Court agrees with the defendant that the information described in the affidavit does not appear to be the same as any of the written requests. (Rec. Docs. 38-2 at 17, 23, 24 and 38-3 at 1). Had the plaintiff provided the specific commands to the agency at an earlier time, they may have been able to properly respond to his request.

In opposition to the defendant's motion, the plaintiff argues that the position that "a FOIA requester has no remedy to the quotation by DOI of an unreasonable and excessive fee," "might raise Constitutional questions if adopted by a court."[5] (Rec. Doc. 43 at 2). The plaintiff does not provide a meaningful description as to what Constitutional questions would be raised, or how the concept of sovereign immunity might impact those issues. In addition, it appears that the plaintiff is not challenging the legislative regulations or fee schedules themselves, and to the extent that he claims that the estimates here were arbitrary or capricious for purposes of *Chevron*, that argument is summarily presented with no meaningful legal analysis in these motions.[6]

This Court is not unsympathetic to a legitimate complaint that an extraordinarily high fee estimate may effectively prevent access by a requester who cannot afford it. Nevertheless, it appears even to this Court's unsophisticated eye that the original requests in this case were so broadly worded that DOI's initial response and fee assessment were not arbitrary and capricious. This was borne out by the fact that when the request was clarified, the information was produced by the defendant.

**II. Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home*

---

[5] The Court notes that there is an important distinction between having no remedy to challenge allegedly excessive fees at all, as opposed to having no remedy to challenge allegedly excessive fees prior to written commitment or pre-payment of fees. The plaintiff argues that he lacks a remedy entirely, but he fails to recognize that DOI regulations permit him to challenge an "improper calculation of fees" following his submission of a proper FOIA request. *See infra* note 8.
[6] The Court is also wary of the plaintiff's request that the Court be responsible for setting the amount of any processing fee, which does not appear to be contemplated by the statute. (Rec. Doc. 1 at ¶¶ 30, 54).

*Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992)). District courts can look into their subject matter jurisdiction at any stage of a proceeding. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). Moreover, even though "the allegations of a complaint are taken as true in a challenge to a plaintiff's right to relief, it may be tested by extraneous evidence when the court's jurisdiction is attacked . . . ." *Id.* at 512.

### III. Exhaustion of Administrative Remedies Under FOIA

The DOI alleges that this Court lacks subject matter jurisdiction over the plaintiff's claims because he has not fully exhausted his administrative remedies since he has failed to pay the fees assessed for his FOIA requests. (Rec. Doc. 63 at 4). The Fifth Circuit found in *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir. 1979), that even though the FOIA does "not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief, [it] clearly do[es] imply that exhaustion is required." *See also Crooker v. United States Secret Service,* 577 F. Supp. 1218, 1219 (D.D.C. 1983) ("In order for a plaintiff to bring a FOIA action against an agency in federal court, he must first exhaust all administrative remedies."). There are two ways that a FOIA requester can exhaust his administrative remedies: actual and constructive. *Kemmerly,* 2006 WL 2990122, at *1. Actual exhaustion requires the agency's denial of the request, whereas constructive exhaustion occurs when the agency fails to comply with statutorily imposed requirements. *Id.* Even though the plaintiff alleges that he "has effectively exhausted all administrative remedies," (Rec. Doc. 1 at ¶ 41), he admits to having not "paid any costs of fees associated with any remaining material sought under any FOIA request," (Rec. Doc. 60 at 28).

This Court has previously held that "a plaintiff's decision to wait for the agency's delayed decision requires actual exhaustion and effectively cuts off plaintiff's opportunity to seek judicial review." *Kemmerly,* 2006 WL 2990122, at *1 (citing *Lewis v. Glickman,* 1996 WL 39398, at *2 (E.D.La. Jan. 31, 1996) (internal quotations omitted). In *Taylor v. Appleton,* 30 F.3d 1365, 1369 (11th Cir. 1994) (Wood, J.), the Eleventh Circuit similarly found that "[w]here a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual exhaustion must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA." Actual exhaustion of administrative remedies "does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Kemmerly,* 2006 WL 2990122, at *2 (citing *Oglesby v. United States Dep't Of Army,* 920 F.2d 57, 66 (D.C. Cir. 1990) and *Trueblood,* 943 F. Supp. at 68).

The plaintiff in his Complaint does not plead that he appealed a refusal to waive fees, but instead he claims to have appealed the DOI's responses to his FOIA requests on the grounds that they were either untimely or that the fee estimates he was provided were arbitrary, capricious, excessive and unreasonable. (Rec. Doc. 1 at ¶¶ 18, 27, 39, 40, 45, 49, 52). In fact, the plaintiff explicitly stated in his FOIA requests that he was requesting information on behalf of a commercial user. (Rec. Doc. 27-11 at 4, 8). Under the FOIA, the fees for document search, duplication, and review can be waived when a claimant shows: (1) that disclosure of the information is in the public interest, and (2) that disclosure is not primarily for the claimant's own commercial interest. *See* 5 U.S.C. § 522(a)(4)(A)(iii); *Voinche v. United States Dep't Of Air Force,* 983 F.2d 667, 668, fn. 2 (5th Cir. 1993). It is clear that the plaintiff intends to provide the requested data to his client for commercial purposes, thus the plaintiff rightfully recognized

that he would be ineligible for a fee waiver even though he attempted in memoranda to argue that disclosure is in the public interest. (Rec. Doc. 64 at 3).

According to DOI regulations, a FOIA requester must either request a fee waiver or provide assurance that they will pay the estimated fees associated with their request before the request can be processed. *See* 43 C.F.R. § 2.8(b)(1) (2006). Even if they request a fee waiver, fee issues must be resolved before the agency begins processing the request. *See* 43 C.F.R. § 2.8(b)(2) (2006). Additionally, FOIA requesters can file appeals with the DOI if a decision has not been made within statutory time limits or if the requesters believe there has been a procedural deficiency, among other grounds. *See* 43 C.F.R. § 2.28 (2006). If a FOIA requester appeals his request on the basis of a failure to comply with statutory time limits but the requester has not resolved fee issues, his appeal will be denied because he has not made a "proper" FOIA request and the statutory time limits did not begin to run. (Rec. Doc. 27-9 at 2). Procedural deficiencies expressly include the improper calculation of fees.[7] Appeals made on the basis of improper fee calculations must be received "no later than 30 workdays after the date of the *final response* or 30 workdays after *receipt of any records* that are provided to you." 43 C.F.R. § 2.29(a) (2006) (emphasis added). Therefore, an agency must give the requester a final response or the requested records in order for the requester to appeal an improper fee calculation.[8]

---

[7] *See* 43 C.F.R. §§ 2.28(a)(5) (2006) ("You may file an appeal when . . . [y]ou believe there is a procedural deficiency (e.g., fees are improperly calculated) . . . .").
[8] The plaintiff relies upon the right to judicial review that he was advised of by FOIA Appeals Officer Darrell R. Strayhorn ("Strayhorn") in his response to plaintiff's FOIA Appeal No. 2007-002 to suggest that he has fully exhausted his administrative remedies. (Rec. Doc. 27-13 at 9-11). However, it appears to the Court that Strayhorn incorrectly advised plaintiff that he had this right, despite plaintiff's refusal to comply with DOI regulations. *Id.* Since the DOI had not given Kemmerly its final response nor provided him with records at the time he filed his appeal, Kemmerly's appeal challenging an improper calculation of fees should have been denied, without a recourse to judicial review. *See* 43 C.F.R. § 2.29(a) (2006). Nevertheless, the DOI's inaccurate determination does not directly affect the disposition of this case because FOIA Appeal No. 2007-002 was an appeal of FOIA Request No. 2007-004, which this Court has dismissed as moot. *See* discussion *supra* Part I.

The plaintiff appealed his third request, FOIA Request No. 2006-41, on October 4, 2006 and November 2, 2006, which were designated FOIA Appeal Nos. 2007-003, 2007-004, and 2007-021. (Rec. Doc. 38-2 at 5). In Kahn's declaration, he states that Appeal No. 2007-003 was based upon the plaintiff's allegation that DOI failed to timely respond, despite the fact that the plaintiff had not resolved fee issues as is required before his request could be processed. *Id.* Therefore, Appeal No. 2007-003 was properly closed according to DOI regulations. *See* 43 C.F.R. § 2.8(b)(2) (2006). Kahn's declaration also states that the DOI did not issue appeal decisions for Appeal Nos. 2007-004 and 2007-021 due to the pending litigation with the plaintiff, but the declaration does not reveal the grounds upon which the appeals were based. (Rec. Doc. 38-2 at 5). Although the more than one-year period that passed before the lawsuit was filed was undoubtedly enough time for the DOI to respond to Kemmerly's FOIA Appeal Nos. 2007-004 and 2007-021, his decision to wait for the agency's delayed response prevents him from alleging constructive exhaustion of administrative remedies. Neither party attempts to explain the long delay, but this Court finds that the equities weigh against Kemmerly since he chose to wait for an entire year before filing suit against the agency. Therefore, Kemmerly has not actually nor constructively exhausted his administrative remedies, which divests this Court of jurisdiction to review his FOIA claims.

## IV. APA Claims

In his Complaint, Kemmerly describes the fee estimates provided by the DOI as arbitrary, capricious, excessive, and unreasonable. (Rec. Doc. 1 at ¶¶ 18, 27, 40, 49, 52). Even though FOIA provides a jurisdictional grant relating to the improper withholding of documents, 5 U.S.C. § 552(a)(4)(B), some courts have found that the APA continues to provide an

independent basis for challenge to agency action.  *See, e.g., Lybarger v. Cardwell,* 438 F. Supp. 1075, 1076 (D. Mass. 1977) (holding that judicial review of agency's decision on production fees should be determined according to the standard set forth in § 706(2)(a) of the APA).  In *John Doe #1 v. Veneman,* 380 F.3d 807, 803 (5th Cir. 2004), the Fifth Circuit followed Supreme Court precedent and held that district courts could review an agency decision to release information under FOIA by applying the 5 U.S.C. § 706(2)(a) standard.  *See Chrysler Corp. v. Brown,* 441 U.S. 281, 318 (1979).  However, even if this Court assumed that the agency action of calculating fees could be subject to judicial review under the APA, the exhaustion of administrative remedies doctrine would still provide a bar to the plaintiff's claims for the following reasons.

The Fifth Circuit has noted that Section 704 of the APA serves as "an exhaustion of administrative remedies requirement, subject to a few carefully limited exceptions." *Dresser Industries,* 586 F.2d at 1238.  Therefore, when all administrative remedies *expressly prescribed by statute or agency rule* are exhausted, agency action becomes final and reviewable under the APA.  *See Darby v. Cisneros,* 509 U.S. 137, 146 (1993) (emphasis added).  As discussed *supra,* DOI regulations require the FOIA requester to make a fee commitment to the agency or request a fee waiver before the request can be processed.  *See* 43 C.F.R. § 2.8(b)(1) (2006).  Furthermore, agency regulations requiring advanced payment before processing FOIA requests have been found rational by other courts.[9]  Since the plaintiff does not dispute the agency regulations, his failure to pay the fees associated with his requests is a failure to exhaust his administrative remedies and prevents this Court from reviewing his APA claims.

---

[9] In *Irons v. F.B.I.,* the district court found that the administrative agency had a sufficient rationale behind its pre-payment requirement, since "it d[id] not want to expend the effort to conduct a search for documents until it . . . received some assurance that it will be reimbursed for the effort." *Irons v. F.B.I.,* 571 F. Supp. 1241, 1243 (D. Mass. 1983).

## V. Attorney's Fees

Even though Kemmerly appears before this Court as a *pro se* attorney-litigant, he seeks attorney's fees for this case. *See* 5 U.S.C. § 552(a)(4)(E) (2002) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonable incurred in any case under this section in which the complainant has substantially prevailed."). In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't Of Health & Human Res.,* 532 U.S. 598 (2001), the United States Supreme Court set out the standard for awarding attorney's fees that is applicable in this case. The *Buckhannon* court held that a plaintiff is the prevailing party only when it has "received a judgment on the merits . . . or obtained a court-ordered consent decree . . . ." *Id.* at 605.

Although *Buckhannon* was decided in reference to the fee-shifting provisions of the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.,* the D.C. Circuit had the chance in *Oil, Chemical, & Atomic Workers Int'l Union v. Dep't Of Energy ("OCAW"),* 288 F.3d 452 (D.C. Cir. 2002), to interpret *Buckhannon* in the context of the FOIA attorney's fee provision. The *OCAW* court held that the "substantially prevails" language in the FOIA is functionally equivalent to the "prevailing party" language found in the statutes at issue in *Buckhannon*. *See OCAW,* 288 F.3d at 455-57. Applying that rationale, this Court has found that a plaintiff must receive a judgment on the merits to be considered a party who "substantially prevailed" under 5 U.S.C. § 552(a)(4)(E) (2002). *See McBride v. U.S. Dep't of Army,* 2007 WL 1017328, at *4 (E.D.La. Mar. 30, 2007) (McNamara, J.). Since Kemmerly has not received a judgment on the merits in his favor, he is not entitled to an award of attorney's fees.

The plaintiff also contests the applicability of *Buckhannon,* since Congress has recently passed the OPEN Government Act of 2007, Pub. L. No. 11-175, 121 Stat. 2524 (2007) (codified at 5 U.S.C. § 552(a)(4)(E)). The 2007 Act was meant to supersede the *Buckhannon* decision, by stating that a party "has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E) (2007). However, as the plaintiff recognizes, the effective date of the 2007 Act was December 31, 2007, and the current action was filed December 27, 2007. (Rec. Doc. 39-2 at 3). Subsequent to the parties' briefing, a federal appellate court decided *Judicial Watch, Inc. v. Bureau Of Land Management,* in which it reversed the district court and held that "[a]pplying the 2007 Act to this case would attach a new legal consequence . . . to an event completed before its enactment . . . ." *Judicial Watch,* --- F.3d ---, 2010 WL 2651292, at *2 (D.C. Cir. 2010). Although the facts of *Judicial Watch* are distinguishable from this case, since this Court's order was completed after the 2007 Act's enactment, the same appellate court in *Summers v. Dep't Of Justice,* 569 F.3d 500 (D.C. Cir. 2009), has explicitly addressed the temporal issue of the 2007 Act as it applies to this case. The *Summers* court stated that "[i]f Summers's action had been filed after the effective date of the 2007 Act, and the Government therefore knew it might be liable for attorneys' fees, then it might not have settled the case." *Summers,* 569 F.3d at 503. Furthermore, other federal circuits have held that the 2007 Act does not apply retroactively. *See, e.g., Zarcon, Inc. v. N.L.R.B.,* 578 F.3d 892 (8th Cir. 2009) and *Oregon Natural Desert Ass'n v. Locke,* 572 F.3d 610 (9th Cir. 2009). Therefore, this Court finds that the OPEN Government Act of 2007 does not apply retroactively

for the purposes of this case and the awarding of the plaintiff's attorney's fees is controlled by the *Buckhannon* and *OCAW* decisions.

Even assuming, *arguendo*, that the OPEN Government Act of 2007 did apply to the plaintiff's case and that the plaintiff has substantially prevailed in his fifth FOIA Request, this Court must undergo a separate inquiry in order to determine whether the plaintiff is actually entitled to a fee award. *McBride,* 2007 WL 1017328, at *4, fn. 2. In *Blue v. Bureau of Prisons,* 570 F.2d 529, 533 (5th Cir. 1978), the Fifth Circuit held that district courts have discretionary authority to award attorney's fees to plaintiffs who substantially prevail on their claim, based upon: (1) the benefit to the public deriving from this case, (2) the commercial benefit to the complainant, (3) the nature of his interest in the federal records sought, and (4) whether the government's withholding of the record sought had a reasonable basis in law. *See also State of Texas v. I.C.C.,* 935 F.2d 728, 730 (5th Cir. 1991).

Here, the benefit to the public deriving from this case is negligible. Moreover, there would be a substantial commercial benefit to the plaintiff by the production of the documents and he has a clear financial interest in them as a commercial FOIA requester. In addition, this Court finds that the government had a reasonable basis for its withholding of the documents, because: (1) the plaintiff has refused to pay the fees associated with his earlier requests, as required by DOI regulations, (2) the documents requested in the fifth request appear to be different from those in earlier requests, (3) when the plaintiff requested documents with greater specificity through the affidavit of his client, the agency was able to promptly respond to the new request, and (4) the agency had previously given the plaintiff opportunities to amend or clarify his requests for documents.

As an independent basis for an award of attorney's fees, the plaintiff relies upon the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). That section provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Nevertheless, it is clear from the text of that section that the EAJA applies unless "specifically provided by statute," and in this case FOIA at the time of *Buckhannon* only provided attorney's fees to parties who substantially prevailed by receiving a judgment on the merits. However, even if this Court were to find that EAJA applied, we find the position of the United States to be substantially justified, given the government's reasonable basis for withholding the documents, as discussed *supra*.[10]

Lastly, this Court also finds persuasive the logic of *Burka v. United States Dep't Of Health and Human Services,* 142 F.3d 1286 (D.C. Cir. 1998), in which a federal appellate court extended the United States Supreme Court's holding in *Kay v. Ehrler,* 499 U.S. 432 (1991), by finding that *pro se* attorney-litigants are not entitled to attorney's fees under FOIA's fee-shifting provisions. As stated *supra*, the plaintiff here is a *pro se* attorney-litigant.

## VI. Conclusion

Based upon the record, the Court finds that Kemmerly has not exhausted his administrative remedies by refusing to provide a written commitment to pay the estimated fees and by refusing pre-payment for his FOIA requests. This Court's disposition in Civ. Act. No.

---

[10] As the plaintiff correctly notes, the test for whether or not the government's position is substantially justified is one of reasonableness. *See Knights of the Ku Klux Klan Realm of Louisiana v. East Baton Rouge Parish School Board,* 679 F.2d 64, 68-69 (5th Cir. 1982); (Rec. Doc. 39-2 at 7).

06-2386 (E.D.La. 2006) continues to be relevant here: "[a]dministrative exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees . . . . As in *Trueblood,* it appears that the government stands ready to respond to the request as soon as the fee commitment is made." *Kemmerly,* 2006 WL 2990122, at *2 (citing *Trueblood,* 943 F. Supp. at 68).

Accordingly,

IT IS ORDERED that the plaintiff's first and second motions for partial summary judgment are DENIED. (Rec. Docs. 27, 39).

IT IS FURTHER ORDERED that the defendant's motion to dismiss is GRANTED. (Rec. Doc. 38).

New Orleans, Louisiana, this 26th day of July, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE